UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE SALES,

    Plaintiff,

vs.

CORRECTIONAL MEDICAL SERVICES,
INC., and PAUL PIPER, M.D.,

    Defendants.

_____/

Civil Action No.
08-CV-15273

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is presently before the court on Defendants' motion to dismiss [docket entry 16]. Plaintiff is a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff alleges in his complaint that Defendants Correctional Medical Services ("CMS") and Paul Piper, M.D., violated his Eighth Amendment rights and subjected him to emotional distress. Defendants seek dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has not responded.

**Background**

Plaintiff alleges that in May 2005 he was hospitalized in Flint, Michigan for 30 days following a vehicle accident. While hospitalized, Plaintiff says he had surgery which resulted in the amputation of his right leg. Plaintiff has been incarcerated since August 2006. He alleges that he has experienced repeated medical trauma while incarcerated.[1] Plaintiff further alleges

---

[1] In September 2006, Plaintiff allegedly collapsed after experiencing severe swelling and pain in his left foot. In June 2007, the left wheel on Plaintiff's wheelchair allegedly broke, thrusting his left foot to the ground. *See* Pl.'s Compl. ¶¶ 9, 11.

that he repeatedly "kited" Defendant Piper, a CMS employee, but that Dr. Piper failed to respond to these requests for medical attention. Allegedly, as a result of Dr. Piper's failure to respond, Plaintiff's toes became infected and Plaintiff was admitted to Detroit Receiving Hospital in July 2007 for treatment. Plaintiff says he eventually had to have two toes amputated.

**Defendants' Motion to Dismiss**

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (1993). Furthermore, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *NHL Players Ass'n v. Plymouth Whalers Hockey Club,* 419 F.3d 462, 468 (6th Cir. 2005). Finally, for a complaint to withstand a motion to dismiss, the complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's first count identifies the above named parties as defendants. Plaintiff's second count is asserted under 42 U.S.C. § 1983, claiming that Defendants violated the Eighth Amendment of the United States Constitution by depriving Plaintiff of medical services.

Defendants argue that an inmate may not bring a cause of action concerning prison conditions "until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). Concerning the importance of following pre-suit prison grievance procedures,

"Congress has mandated exhaustion clearly enough." *Booth v. Churner*, 532 U.S. 731, 741 (2001). "An inmate does not properly exhaust administrative remedies in accordance with § 1997e(a) unless he complies with the specific requirements set forth in the individual prison's administrative policy." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "It is the prison's requirements, not the Prison Litigation Reform Act (PLRA), that define the boundary of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 219 (2007). A prisoner cannot satisfy the PLRA's exhaustion requirement by filing an untimely administrative grievance. *See Woodford*, 548 U.S. at 83-84.

The MDOC has a grievance policy through which prisoners may file complaints regarding the conditions of their incarceration. Under this system, a grievance is exhausted if pursued through all three stages (four stages including the verbal complaint) in compliance with the policy. *See* Defs.' Ex. A, ¶ B. Timeliness of filing a grievance is an essential part of the process. Within two days of discovering a grievable issue, the inmate verbally must attempt to resolve the issue with those involved. *Id.* at ¶ P. If this attempted resolution is unsuccessful, the inmate may then file a Step I grievance form within five business days of the attempted resolution. *Id.* at ¶ V. A grievance may be rejected if the grievance is filed in an untimely manner, unless there is a valid reason for the delay. *Id.* at ¶ G.3. Finally, when filing a grievance, the inmate must state the dates, times, places, and names of all those involved in the grieved issue. *Id.* at ¶ R.

Plaintiff filed a Step I grievance against Dr. Piper and other unnamed CMS healthcare providers regarding the current issues on January 4, 2008. Defs.' Ex. C.[2] Plaintiff also filed

---

[2] In this grievance plaintiff alleged:
> The named Respondents herein are Dr. Paul Piper and other unnamed CMS health-care providers employed at the Ryan Road Correctional Facility.
> On July 24, 2007, as a result of a long-standing and well-documented infection of his small toe on his left foot, surgery was required to remove Grievant's toe at Receiving Hospital.

Steps II and III of the process at later dates. *Id.* In this grievance, Plaintiff complained of an alleged lack of medical care that led to his infection in July 2007. *Id.* Plaintiff alleged that the date of the incident was December 17, 2007, but nothing in the grievance refers to occurrences on that date. *Id.* The response rejected Plaintiff's Step I grievance because it was not filed in a timely manner. *Id.* Steps II and III were also rejected because Step I was not filed on time. *Id.*

Plaintiff filed this grievance 18 days after some unidentified issue, and over four months after he was admitted to Detroit Receiving Hospital in July 2007. Plaintiff had one week to file the grievance under the MDOC policy (two days for a verbal complaint and five days to file a Step I grievance) and he missed the deadline by ten days. Plaintiff failed to exhaust his administrative remedies since he did not comply with the timeliness requirements of the grievance policy. *See Woodford,* 548 U.S. at 83-84. Because Plaintiff failed to satisfy 42 U.S.C. § 1997e(a), he is barred from bringing a § 1983 claim, and Defendants' motion to dismiss is granted as to this claim.

Plaintiff's third count is an intentional infliction of emotional distress (IIED) claim. "The Michigan Supreme Court has never formally recognized IIED as a cause of action." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Recently, however, the Michigan Supreme Court affirmed the Michigan Court of Appeals regarding the elements of an IIED claim, thereby implicitly acknowledging the existence of this tort. *See Frohriep v. Flanagan,*

---

Most disturbing however, months prior to surgery Grievant had repeatedly complained about a substantial risk of serious harm due to respondents' intentional denial and/or delay in access to medical care.
  Grievant's medical need was patently obvious and urgent and each of the respondents knew he faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to abate it. Thus, each of the respondents are liable to Grievant Sales for their deliberate indifference to his serious medical condition.
  The remedial relief sought is legal action.

483 Mich. 915, 915 (2009) ("We agree with the Court of Appeals that the plaintiffs failed to state a claim for intentional infliction of emotional distress.").  The lower court ruled that

> [t]o establish a claim for intentional infliction of emotional distress, plaintiffs must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.  Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

*Frohriep v. Flanagan*, 278 Mich. App. 665, 683 (2008).

Plaintiff's complaint does nothing more than list the elements of an IIED claim.  Plaintiff fails to link the elements of an IIED claim to any specific facts.  As noted above, to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Because Plaintiff has done nothing more than recite the elements of an IIED claim, the Court will grant Defendants' motion to dismiss as to this count for failure to state a claim.

**Conclusion**

For the reasons stated above,

IT IS ORDERED that Defendants' motion to dismiss the complaint is granted.


Dated: August 3, 2009                             s/Bernard A. Friedman_____
       Detroit, Michigan                          BERNARD A. FRIEDMAN
                                                  SENIOR UNITED STATES DISTRICT JUDGE